**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:37 PM September 27, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| SHON D. MOORE AND ) | CASE NO. 11-63773 |
| KEVA D. MOORE, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |
| ) | |

Now before the court is the Application for Compensation filed by Debtors' attorney, Paul S. Kuzmickas. Toby L. Rosen, chapter 13 trustee ("Trustee"), objected to the requested fees. The court held a hearing on July 25, 2012. In the application, Mr. Kuzmickas requests $3,000 in fees. He received $500 from Debtors prior to filing the case.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 13 case on November 29, 2011. They are married with four

children. Both of the debtors are employed. Their income is below the median income in Ohio, resulting in a thirty-six month plan commitment.

Debtors own residential real estate with a mortgage. The mortgage company had a foreclosure case pending in the Stark County Court of Common Pleas when the bankruptcy case was filed. Under the confirmed plan, the trustee will maintain the regular monthly mortgage payments and cure the $9,165 arrearage over the life of the plan. The proof of claim filed by the mortgage company contained a substantially higher arrearage claim ($21,674.84). The chapter 13 appraisal valued the property at $90,000. The balance on the mortgage is over $127,000, leaving Debtors underwater on the property.

Debtors are purchasing two vehicles, both of which are to be crammed down under the terms of the confirmed plan. The total secured value to be paid on the vehicles is approximately $7,000. Their personal assets, including retirement funds and the vehicles, total just over $101,000. Most of the personal property is exempt. Schedule E indicates that Debtor Shon Moore is current on his child support to Heather White. The total unsecured debt on Schedule F is under $38,000. Debtors' plan proposes a seventeen percent (17%) dividend to unsecured creditors. An agreed order with Trustee requires a minimum distribution of $5,000 to the unsecured creditors, representing the chapter 7 value.

Under the court's Administrative Order 08-05, entered on May 6, 2008, the no-look fee for this case is $2,000. The 2016 statement filed indicates that Mr. Kuzmickas charged $3,000. Debtors paid $500 prior to the bankruptcy filing. Mr. Kuzmickas requests payment of the balance of $2,500 through the plan. His application contains an itemization supporting his request.

## DISCUSSION

The court has, on numerous occasions, opined on chapter 13 attorney fee applications. *See, e.g.,* In re Reddish, Case No. 08-61730 (Bankr. N.D. Ohio January 31, 2012); In re Smith, Case No. 09-64409 (Bankr. N.D. Ohio June 9, 2011); In re Cody, Case No. 09-62576 (Bankr. N.D. Ohio August 10, 2010); In re Doutt, Case No. 08-61191 (Bankr. N.D. Ohio December 14, 2009); In re Powers, Case No. 07-63396 (Bankr. N.D. Ohio March 13, 2009); In re Cherry, Case No. 05-65296 (Bankr. N.D. Ohio September 28, 2009); In re Bibey, Case No. 08-60821 (Bankr. N.D. Ohio August 27, 2008). It is therefore unnecessary to provide a detailed explanation of the law that applies to chapter 13 applications for compensation. Rather, the court will merely highlight the basic legal framework.

Under 11 U.S.C. § 330(a)(4)(B), a court can award "reasonable compensation" to a debtor's attorney for services based on "the benefit and necessity of such services to the debtor." In this circuit, "reasonable compensation" is determined under the lodestar calculation, which is the product of an "attorney's reasonable hourly rate by the number of hours reasonably expended." In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is subject to adjustment by twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of
> the question; (3) the skill requisite to perform the legal service

properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). The burden of justifying the requested fees is upon the applicant. *See* In re Williams, 357 B.R. 434 (B.A.P. 6th Cir. 2007).

Turning first to the lodestar, the court is not convinced of the reasonableness of Mr. Kuzmickas' hourly rate of $225. Mr. Kuzmickas is relatively unknown to this court and failed to provide any basis for determining the reasonableness of the rate. The court notes that this rate is on the high end of the spectrum for experienced bankruptcy attorneys practicing in the Canton court. For example, Attorney Edwin Breyfogle filed a chapter 11 case in August 2012 setting forth $200 as his hourly rate. *See* Rolando's Restaurant Group LLC, Case No. 12-62184, Application to Employ, ECF No. 5. In the court's most recent chapter 13 fee opinions, In re Reddish and In re Smith, the hourly rate charged by two bankruptcy practitioners was $150 and $200 per hour. The court does not say that $225 per hour is unreasonable *per se* but has no evidence before it to determine the reasonableness of that rate by Mr. Kuzmickas.

The court finds that the time expended by Mr. Kuzmickas on this case is patently unreasonable. First, there are billings for questionable services. For example, on April 18, 2012, Mr. Kuzmickas billed one full hour to prepare for and attend the confirmation hearing. The court has no record of holding a confirmation hearing. Similarly, there is an entry on January 5, 2012 for "Receipt and review of correspondence from Court regarding hearing result." Again, the court has no record of a hearing. If Mr. Kuzmickas is referring to the notice from the chapter 13 trustee concerning the 341 meeting, twelve minutes to review a one page, straight-forward document is unreasonable.

This is indicative of the second problem -- too much time is devoted to very routine, simple items. For example, on December 19, 2011, Mr. Kuzmickas billed twelve minutes, for a total of $45, to review the wage order issued by the chapter 13 trustee. The wage order contains two salient pieces of information, the employer and the amount. To the extent verification of these facts required attorney time, and could not have been handled by administrative staff, the court cannot find any reason to expend more than .10 of an hour on the task. Another example is billing .20 hours on March 30, 2012 to review a pleading filed by Attorney Susan P. Taylor. Looking at the docket, the pleading is a one page Notice of Appearance by Ms. Taylor on behalf of the Ohio Department of Taxation. The court is perplexed by the need to expend any time on this item.

The churning rings true of many of the entries, including the review of claims. Most of the claims, and amounts, clearly correspond to the schedules prepared by Debtors, requiring minimal attention. Yet Mr. Kuzmickas charged approximately $700 for his review of the claims.

Not one review resulted in any action, such as an objection to claim.

Most troubling, however, is that in spite of the time and attention apparently devoted to each and every claim, the court finds the services to be of little benefit to Debtors. Based on the court's calculations, Debtors' plan is substantially underfunded, mainly due to the significantly higher arrearage claim. Debtors' confirmed plan listed the arrearage at $9,165. The mortgage company filed a proof of claim on June 6, 2012 claiming an arrearage of $21,675. As a direct result of the higher arrearage claim, the plan cannot be completed within thirty-six months at the current monthly payment.

Debtors are proposing to pay a total of $60,235[1] into the plan. This is well short of the amount needed to cover the plan.

| | |
|---|---|
| Regular monthly mortgage payments: $ 1,077 x 36 months = | $38,772 |
| Mortgage arrearage | $21,675 |
| BMW secured claim (not including interest) | $ 6,637 |
| CSE secured claim (not including interest) | $ 576 |
| Capital One secured claim | $ 492 |
| Guarantee to unsecured claims | $ 5,000 |
| Total | $73,152 |

Debtors are short $13,000 without considering any interest, chapter 13 administrative fees, or the claim of Debtors' attorney. At a minimum, Debtors' plan is underfunded by the difference in Debtors' arrearage figure and the mortgage company's figure.

The court also disagrees with Mr. Kuzmickas' assessment that this case will result in a high percentage dividend to unsecured creditors. The unsecured claims total approximately $38,000. The plan calls for a seventeen percent return, or $6,460. The court's figures above allow only for the guaranteed amount of $5,000, not the higher $6,460 amount. Additionally, since the Ohio Department of Taxation filed a claim including a priority amount, only $3,739 of the guaranteed amount will go to general unsecured creditors. This represents a less than ten percent return to general unsecured creditors. Thus, this is not a high percentage plan.

## **CONCLUSION**

Mr. Kuzmickas has the burden of proving his entitlement to fees. He failed to present any basis for his $225 hourly rate. He also failed to demonstrate that the time he expended on this case was reasonable. The time and labor he expended was clearly not necessary for many of identified services. Based on the apparently unfeasibility of the confirmed plan, the services have not benefitted Debtors. This case presents no complex or novel issues, yet Mr. Kuzmickas seeks $1,000 more than the no-look fee. The court will deny the application for compensation, in part. Mr. Kuzmickas will be awarded $2,000. He has received $500, so the trustee is authorized to pay $1,500 through the plan. This amount includes the $500 case termination fee.

---

[1] ($1,500 x 7 months) + ($1,715 x 29 months) = $60,235

An order will be entered immediately.

#    #    #

**Service List:**

Shon D Moore
Keva D Moore
1308 27th St., NE
Canton, OH 44714-1732

Paul S. Kuzmickas
Luftman, Heck & Associates
2012 West 25th St.
Suite 701
Cleveland, OH 44113

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702